J-S28013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TAMEIKA MINNEFIELD | |
| Appellant | No. 1020 WDA 2016 |

Appeal from the PCRA Order December 31, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003188-2011

BEFORE:  OLSON, MOULTON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 23, 2017**

Appellant, Tameika Minnefield, appeals from the order entered on December 31, 2015 dismissing her first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  In this appeal from the denial of PCRA relief, Appellant's court-appointed counsel filed a petition to withdraw as counsel and a no-merit brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  As we conclude that counsel fulfilled the procedural requirements of ***Turner/Finley***, and this appeal is without merit, we grant counsel's petition to withdraw as counsel and affirm the PCRA court's order dismissing Appellant's PCRA petition.

* Retired Senior Judge assigned to the Superior Court

The factual background of this case is as follows. During September and October 2011, Appellant beat her four-year-old daughter with a belt about the arms, stomach, back, legs, and buttocks. These beatings caused numerous contusions and abrasions. During this same time period, Appellant failed to provide her daughter with food.

The procedural history of this case is as follows. On January 23, 2012, the Commonwealth charged Appellant via criminal information with aggravated assault,[1] simple assault,[2] endangering the welfare of a child,[3] and recklessly endangering another person.[4] On September 5, 2012, Appellant pled guilty to aggravated assault and endangering the welfare of a child. On October 18, 2012, Appellant was sentenced *in absentia* to an aggregate term of 76 to 152 months' imprisonment. Appellant appealed her judgment of sentence and this Court affirmed. *See Commonwealth v. Minnefield*, 87 A.3d 883, 2013 WL 11253513 (Pa. Super. 2013). Appellant did not seek allocatur from our Supreme Court.

On July 24, 2015, Appellant filed a *pro se* PCRA petition. On August 13, 2015, counsel was appointed. On December 7, 2015, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] 18 Pa.C.S.A. § 2701(a)(1).

[3] 18 Pa.C.S.A. § 4304(a)(1).

[4] 18 Pa.C.S.A. § 2705.

hearing. *See* Pa.R.Crim.P. 907(A). On December 31, 2015, the PCRA court dismissed the petition. This timely appeal followed. Appellant's court-appointed counsel filed a petition to withdraw as counsel and a *Turner/Finley* brief. Appellant filed a *pro se* response to counsel's *Turner/Finley* brief. The matter is now ripe for disposition.

Counsel presents one issue in his *Turner/Finley* brief:

Whether the PCRA petition filed by [] Appellant lacked arguable merit and failed to state any colorable claims for relief due to untimeliness, being previously litigated on direct appeal[,] and otherwise lacking any substantive merit in failing to implicate the legality of sentence as compelled for PCRA relief?

*Turner/Finley* Brief at 2.

Prior to addressing the merits of the issues raised in counsel's *Turner/Finley* brief, we must determine whether he met the procedural requirements to withdraw as counsel. Counsel seeking to withdraw in PCRA proceedings

must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner/Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are

- 3 -

> without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 510–511 (Pa. Super. 2016) (ellipses and citation omitted).  In this case, counsel fulfilled the procedural requirements for withdrawing as PCRA counsel.  Therefore, we turn to the lone issue raised in counsel's ***Turner/Finley*** brief.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition.  Thus, we must first determine whether the instant PCRA petition was timely filed."  ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted).  The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature[.]" ***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa. Super. 2016) (citation omitted).  Thus, we shall concentrate our attention on whether Appellant timely filed her PCRA petition and, if not, whether she has raised a viable statutory exception to the PCRA's timeliness requirement.

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final."  42 Pa.C.S.A. § 9545(b)(1).  "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  Because Appellant did not seek allocatur from our Supreme Court, her judgment of sentence became final

on November 12, 2013.[5]  Appellant's PCRA petition was filed on July 24, 2015.  Thus, the petition was patently untimely.[6]

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).  If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).  "It is the petitioner's burden to plead and prove an exception to the PCRA-timeliness rule."  *Commonwealth v. Wiley*, 966 A.2d 1153, 1158 (Pa. Super. 2009) (citation omitted).

---

[5] November 10, 2013, the thirtieth day after this Court affirmed Appellant's judgment of sentence, was a Sunday.  The following day was a holiday. Thus, Appellant had until November 12, 2013 to seek allocatur from our Supreme Court.

[6]  The fact that Appellant was sentenced *in absentia* does not impact the timeliness requirement of the PCRA.  *See Commonwealth v. Pollard*, 911 A.2d 1005, 1007 (Pa. Super. 2006).

As noted above, a petitioner must plead and prove the existence of a timeliness exception in order for the PCRA court to have jurisdiction over an untimely petition. Failure to plead the applicability of a timeliness exception in the PCRA petition renders the PCRA court without jurisdiction to consider the merits of the petition. **See Commonwealth v. Derrickson**, 923 A.2d 466, 468-469 (Pa. Super. 2007), *appeal denied*, 934 A.2d 72 (Pa. 2007). In this case, Appellant's PCRA petition did not allege that she satisfied one of the PCRA's timeliness exceptions. As such, she failed to plead and prove the applicability of a timeliness exception and the PCRA court properly held that it lacked jurisdiction over her untimely petition.[7] Accordingly, this appeal lacks merit and we grant counsel's petition to withdraw and affirm the order dismissing Appellant's petition.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2017

---

[7] As we conclude that the trial court lacked jurisdiction over Appellant's petition, we need not address the issue discussed in counsel's **Turner/Finley** brief.